terest whatsoever in those sums. It applied solely to those persons, who were entitled to Joshua Webb's equity of redemption. Indeed, the present petition asserts no right to any part of those sums; but only a right of set-off against them, to be recouped from the amount, as an adverse claim. Upon this petition it is impossible for the court in this suit, to go into any proofs of the material facts asserted in it, and which are vital to the relief sought. The question, whether Jesse Gordon is a nominal party, or not, cannot be investigated in such a collateral proceeding. The proper course would have been to have filed a cross bill at an earlier stage of the proceedings, or now to institute an original bill in some court competent to maintain it. But if a cross bill had been duly filed, or an original bill were now before this court, asserting the same facts, and they were all proved, my judgment is, that it is not a case, in which a court of equity could grant the relief. The jurisdiction of courts of equity in matters of set-off is very narrow, and closely follows that of the law. The mere fact of the existence of mutual demands constitutes no ground in equity for a set-off, however reasonable it might have been to have allowed it upon principles of natural justice. The authorities are the other way. I have had occasion to consider this doctrine in various cases, and need do no more than refer to the cases of Jackson v. Robinson [Case No. 7,144]; Green v. Darling [Id. 5,765]; Gordon v. Lewis [Id. 5,613]; and Howe v. Sheppard [Id. 6,773]. To justify a court of equity in allowing a set-off there must be some original or intervening equity between the parties beyond the mere fact of mutual debts. There must be a mutual credit, founded on a subsisting debt on the other side, or an express or implied agreement for a set-off of mutual debts. There is no pretence of any such mutual credit, or any such express or implied agreement of set-off in the present case. The petition asserts none. The whole facts of the present suit repudiate it. The sole equity now set up is the insolvency of John Gordon. But I am not satisfied, that mere insolvency alone constitutes a ground for the interference of the court. On the contrary it appeared to me in the case of Howe v. Sheppard [supra], that there was no sufficient authority to establish that doctrine. I am aware of the bearing of the case of Simson v. Hart, 14 Johns. 63, which, upon its own circumstances, may have been very properly decided. But if it meant to assert, as a general doctrine, that mere insolvency of one of the parties gives a right in equity to set off mutual unconnected debts, I am not prepared to say, that it can be sustained as a sufficient authority to bind this court to that extent, whatever may be my respect for the learned judges, who decided it.

It has been suggested, that the case might be treated as one within the equity of the statutes of set-off of Maine (St. 1820, c. 59, § 19; Id. 1823, c. 228). But it appears to me, that neither in their words, nor in their intent, can they be applied to cases like the present. The cases relied upon in the argument from the Massachusetts and Maine Reports were founded upon the laws of those states, applicable to the insolvent estates of deceased persons; and of course they turn upon very different considerations. See McDonald v. Webster, 2 Mass. 498; Sewall v. Sparrow, 16 Mass. 24; and Lyman v. Estes, 1 Greenl. 182.

There is another ingredient in this case, suggested in the plaintiff's argument, which, if well founded, as matter of fact (as it seems to be,) would dispose of the question upon stronger grounds. It is, that the mortgage was actually assigned by John Gordon to Leal & Porterfield, under whom the plaintiff asserts title, before the debt now insisted on as a set-off became due, or even existed. But I do not dwell on this fact, because it is not presented in such a direct form in the present aspect of this cause as to be deemed strictly in judgment. Upon the whole, my opinion is, that the prayer of the petition must be rejected; and the petition itself be dismissed. The district judge concurs in this opinion, and, therefore, let the petition be dismissed.

---

## Case No. 5,615.

### GORDON v. LINDO.

[See Case No. 5,231.]

---

## Case No. 5,616.

### GORDON v. LINDO.

[1 Cranch, C. C. 588.] [1]

Circuit Court, District of Columbia. Dec. Term, 1809.

BAIL—JUDGMENT OBTAINED IN ANOTHER COUNTY.

A resident of Alexandria may be held to special bail in Washington in an action of debt founded upon a judgment in an action of debt in Virginia, in which bail was given; although no previous writ had been issued against the defendant in Alexandria county.

Motion by Mr. Law for defendant, to appear without bail.

1st. Because the defendant is a resident of Alexandria county, and has never resided in this county; and by the law of Maryland (1791, c. 43, § 14) cannot be arrested here until a non est has been returned in Alexandria county.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]